# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO



FILED
2018 MAR 20 P 2: 52
SUSAN Y. SOONG
CLERK, US DISTRICT COURT
NO. DIST OF CA.

---

UNITED STATES OF AMERICA,

V.

# CR 18 0119

JONATHAN AGUILAR, et al.,

CRB



DEFENDANT(S).

---

## INDICTMENT

VIOLATIONS:

Title 18, United States Code, Section 1962(d) – Racketeering Conspiracy; Title 18, United States Code, Section 1959(a)(1) – Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(5) – Conspiracy to Commit Murder in Aid of Racketeering; Title 18, United States Code, Section 1959(a)(6) – Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering; Title 18, United States Code, Section 924(j)(1) – Use of Firearm Causing Murder; Title 18, United States Code, Section 2 – Aiding & Abetting; Title 18, United States Code, Sections 924(d) and 1963, and Title 28, United States Code, Section 2461(c) – Criminal Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this _20th_ day of

_March 2018_

_____
MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

ROSE MAHER
Clerk

Bail, $ _____

**NO BAIL ARREST WARRANT** for all defendants

1 - MDJ

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Penalty Sheet Attachment

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*
*MAR 20 2018*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

**DEFENDANT - U.S**

▶ JONATHAN AGUILAR, a/k/a "Trompo

DISTRICT COURT NUMBER

**CR 18 0119**

*CRB*

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   } SHOW DOCKET NO.

☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under   } MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form          ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)          A. Scoble/K. Hopkins

**DEFENDANT**

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐  Is a Fugitive

3) ☐  Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐  On this charge

5) ☐  On another conviction   }

6) ☐  Awaiting trial on other charges   }          ☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes          If "Yes"
been filed?  ☐ No          give date filed

**DATE OF ARREST** ▶          Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶          Month/Day/Year

☐  This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

Comments:

**PENALTY SHEET ATTACHMENT:**
**JONATHAN AGUILAR, a/k/a "Trompo"**

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1 (Class A Felony):**
Imprisonment:       up to life
Supervised release:  up to 5 years
Fine:               $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering Activity]**
**Count 2 (Class C Felony):**

Imprisonment:       up to 10 years
Supervised release:  up to 3 years
Fine:               $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity]**
**Count 3 (Class E Felony):**
Imprisonment:       up to 3 years
Supervised release:  up to 1 year
Fine:               $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-1]**
**Count 4 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:       Mandatory minimum term of life in prison (if death not imposed)
Supervised release:  up to 5 years
Fine:               $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-2]**
**Count 5 (Class A Felony):**
**The maximum punishment is death**

| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victims 1 and 2]**
**Count 6 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**

| | |
|---|---|
| Supervised release: | up to 5 years |
| Fine: | $250,000; |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☐ SUPERSEDING

| OFFENSE CHARGED | |
|---|---|
| See Penalty Sheet Attachment | ☐ Petty |
| | ☐ Minor |
| | ☐ Misde-meanor |
| | ☒ Felony |
| PENALTY:   See Penalty Sheet Attachment | |

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN FRANCISCO DIVISION

— DEFENDANT - U.S —
▶ LUIS CID-SALINAS, a/k/a "Lonely," a/k/a "Lonely Boy"

DISTRICT COURT NUMBER
CR 18 0119

CRB

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE     } SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant     } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form     ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     A. Scoble/K. Hopkins

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☒ On another conviction     } ☒ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

FILED
MAR 20 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT     Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

Lompoc USP

Comments:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:          Before Judge:

PENALTY SHEET ATTACHMENT:
LUIS CID-SALINAS, a/k/a "Lonely"

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-3]**
**Count 7 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:        Mandatory minimum term of life in prison (if death not imposed)
Supervised release:  up to 5 years
Fine:                $250,000
Special assessment:  $100 (mandatory)

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of**
**Violence, Resulting in Death, Victim-3]**
**Count 8 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18**
**U.S.C. § 1111)**
Supervised release:  up to 5 years
Fine:                $250,000;
Special assessment:  $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-7]**
**Count 14 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:        Mandatory minimum term of life in prison (if death not imposed)
Supervised release:  up to 5 years
Fine:                $250,000
Special assessment:  $100 (mandatory)

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of**
**Violence, Resulting in Death, Victim-7]**
**Count 15 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18**
**U.S.C. § 1111)**
Supervised release:  up to 5 years
Fine:                $250,000;
Special assessment:  $100 (mandatory)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

―――― OFFENSE CHARGED ――――

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Penalty Sheet Attachment

~~SEALED BY COURT ORDER~~

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

―― DEFENDANT - U.S ――

JUAN CARLOS GALLARDO, a/k/a "Huero"

*MAR 20 2018*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

DISTRICT COURT NUMBER

## CR 18 0119

*CRB*

―――― PROCEEDING ――――

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO. }

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person Furnishing Information on this form     ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     A. Scoble/K. Hopkins

―――― DEFENDANT ――――

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☒ On another conviction      ☐ Federal  ☒ State }

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes   If "Yes" give date filed
                          ☐ No

DATE OF ARREST ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶     Month/Day/Year

☐ This report amends AO 257 previously submitted

―――― ADDITIONAL INFORMATION OR COMMENTS ――――

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:                Before Judge:

Comments:

**PENALTY SHEET ATTACHMENT:**
**JUAN CARLOS GALLARDO, a/k/a "Huero"**

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1 (Class A Felony):**
Imprisonment:  up to life
Supervised release: up to 5 years
Fine:    $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering Activity]**
**Count 2 (Class C Felony):**
Imprisonment:  up to 10 years
Supervised release: up to 3 years
Fine:    $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity]**
**Count 3 (Class E Felony):**
Imprisonment:  up to 3 years
Supervised release: up to 1 year
Fine:    $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-6]**
**Count 12 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:  Mandatory minimum term of life in prison (if death not imposed)
Supervised release: up to 5 years
Fine:    $250,000
Special assessment: $100 (mandatory)

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victim-6]**

**Count 13 (Class A Felony):**

**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**

Supervised release:     up to 5 years
Fine:                   $250,000;
Special assessment:     $100 (mandatory)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

---- OFFENSE CHARGED ----

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:  See Penalty Sheet Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

MAR 20 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S ----

JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi"

DISTRICT COURT NUMBER

CR 18 0119

CRB

---- PROCEEDING ----

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form    ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    A. Scoble/K. Hopkins

---- DEFENDANT ----

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed _____

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

**PENALTY SHEET ATTACHMENT:**
**JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi"**

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1 (Class A Felony):**
Imprisonment:          up to life
Supervised release:    up to 5 years
Fine:                  $250,000
Special assessment:    $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering Activity]**
**Count 2 (Class C Felony):**
Imprisonment:          up to 10 years
Supervised release:    up to 3 years
Fine:                  $250,000
Special assessment:    $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity]**
**Count 3 (Class E Felony):**
Imprisonment:          up to 3 years
Supervised release:    up to 1 year
Fine:                  $250,000
Special assessment:    $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-4]**
**Count 9 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:          Mandatory minimum term of life in prison (if death not imposed)
Supervised release:    up to 5 years
Fine:                  $250,000
Special assessment:    $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-5]**
**Count 10 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:          Mandatory minimum term of life in prison (if death not imposed)
Supervised release:    up to 5 years
Fine:                  $250,000
Special assessment:    $100 (mandatory)


**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victims 4 and 5]**
**Count 11 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**
Supervised release:    up to 5 years
Fine:                  $250,000;
Special assessment:    $100 (mandatory)

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT    ☐ INFORMATION    ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Penalty Sheet Attachment

---

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FILED

MAR 20 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT - U.S**

▶ ORLANDO CARLOS HERNANDEZ, a/k/a "Chisto"

DISTRICT COURT NUMBER

CR 18 0119

CRB

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:    SHOW DOCKET NO.
   ☐ U.S. ATTORNEY    ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant    MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    ALEX G. TSE

☒ U.S. Attorney    ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    A. Scoble/K. Hopkins

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☒ On another conviction    } ☒ Federal    ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes" give date filed
been filed?    ☐ No

**DATE OF ARREST** ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS    ☐ NO PROCESS*    ☒ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment    ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## ORLANDO CARLOS HERNANDEZ, a/k/a "Chisto"

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-7]**
**Count 14 (Class A Felony):**
**The maximum punishment is death**

| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victim-7]**
**Count 15 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**

| | |
|---|---|
| Supervised release: | up to 5 years |
| Fine: | $250,000; |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

---

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

---

**OFFENSE CHARGED**

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Penalty Sheet Attachment

*(text obscured)*

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    A. Scoble/K. Hopkins

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

---

**DEFENDANT - U.S**

▸ MICHAEL REBOLLEDO, a/k/a "Gallo"

DISTRICT COURT NUMBER

CR 18 0119 CRB

*MAR 20 2018*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

---

**DEFENDANT**

**IS _NOT_ IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☒   If not detained give date any prior summons was served on above charges ▸

2) ☐   Is a Fugitive

3) ☐   Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐   On this charge

5) ☐   On another conviction    ☐ Federal ☐ State

6) ☐   Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes" give date filed
been filed?   ☐ No

**DATE OF ARREST** ▸   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▸   Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

*\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:     Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## <u>MICHAEL REBOLLEDO, a/k/a "Gallo"</u>

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1 (Class A Felony):**
| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering Activity]**
**Count 2 (Class C Felony):**
| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity]**
**Count 3 (Class E Felony):**
| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-1]**
**Count 4 (Class A Felony):**
**The maximum punishment is death**
| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-2]**
**Count 5 (Class A Felony):**
**The maximum punishment is death**

| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victims 1 and 2]**
**Count 6 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**

| | |
|---|---|
| Supervised release: | up to 5 years |
| Fine: | $250,000; |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-3]**
**Count 7 (Class A Felony):**
**The maximum punishment is death**

| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victim-3]**
**Count 8 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**

| | |
|---|---|
| Supervised release: | up to 5 years |
| Fine: | $250,000; |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

### OFFENSE CHARGED

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:   See Penalty Sheet Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

*MAR 20 2018*

*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

— DEFENDANT - U.S

▸ MARIO REYES, a/k/a "Shy Boy"

DISTRICT COURT NUMBER

CR 18 0119

*CRB*

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   } SHOW DOCKET NO.
  ☐ U.S. ATTORNEY   ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant   } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under   }

Name and Office of Person
Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   A. Scoble/K. Hopkins

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction   } ☐ Federal   ☐ State

6) ☐ Awaiting trial on other charges
  If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes   } If "Yes" give date filed
been filed?   ☐ No

DATE OF ARREST ▸   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▸   Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:   Before Judge:

## PENALTY SHEET ATTACHMENT:
## MARIO REYES, a/k/a "Shy Boy"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1 (Class A Felony):**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering Activity]**
**Count 2 (Class C Felony):**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity]**
**Count 3 (Class E Felony):**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

--- OFFENSE CHARGED ---

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Penalty Sheet Attachment

--- PROCEEDING ---

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:    } SHOW DOCKET NO.
   ☐ U.S. ATTORNEY  ☐ DEFENSE

☐ this prosecution relates to a pending case involving this same defendant    } MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    ALEX G. TSE

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    A. Scoble/K. Hopkins

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

--- DEFENDANT - U.S ---

▶ LUIS ROJAS, a/k/a "Grizz", a/k/a "Grizzly"

DISTRICT COURT NUMBER

CR  18  0119

--- DEFENDANT ---

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

--- ADDITIONAL INFORMATION OR COMMENTS ---

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:    Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT:
## LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1 (Class A Felony):**

| | |
|---|---|
| Imprisonment: | up to life |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering Activity]**
**Count 2 (Class C Felony):**

| | |
|---|---|
| Imprisonment: | up to 10 years |
| Supervised release: | up to 3 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity]**
**Count 3 (Class E Felony):**

| | |
|---|---|
| Imprisonment: | up to 3 years |
| Supervised release: | up to 1 year |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-4]**
**Count 9 (Class A Felony):**
**The maximum punishment is death**

| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-5]**
**Count 10 (Class A Felony):**
**The maximum punishment is death**

| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victims 4 and 5]**
**Count 11 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**

| | |
|---|---|
| Supervised release: | up to 5 years |
| Fine: | $250,000; |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
                                    ☐ SUPERSEDING

—————— OFFENSE CHARGED ——————

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-
    meanor
☒ Felony

PENALTY:   See Penalty Sheet Attachment

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

—————— DEFENDANT - U.S ——————

▶ EDDY URBINA, a/k/a "Rhino"

DISTRICT COURT NUMBER

CR   18   0119

*FILED*
*MAR 20 2018*
*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

*CRB*

—————— PROCEEDING ——————

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court,
   give name of court

_____

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:                                    SHOW
   ☐ U.S. ATTORNEY  ☐ DEFENSE       DOCKET NO.
                                    }

☐ this prosecution relates to a
   pending case involving this same
   defendant                        MAGISTRATE
                                    CASE NO.
                                    }

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under    }

Name and Office of Person
Furnishing Information on this form    ALEX G. TSE
                    ☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    A. Scoble/K. Hopkins

—————— DEFENDANT ——————

IS *NOT* IN CUSTODY
      Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
      summons was served on above charges  ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction         }        ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution
      _____

Has detainer  ☐ Yes    If "Yes"
been filed?             give date
              ☐ No      filed        _____

DATE OF     ▶     Month/Day/Year
ARREST
                  _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED   ▶   Month/Day/Year
TO U.S. CUSTODY
                       _____

☐ This report amends AO 257 previously submitted

—————— ADDITIONAL INFORMATION OR COMMENTS ——————

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT      Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance      *Where defendant previously apprehended on complaint, no new summons or
                                          warrant needed, since Magistrate has scheduled arraignment
Defendant Address:

                                          Date/Time: _____    Before Judge: _____

Comments:

PENALTY SHEET ATTACHMENT:
EDDY URBINA, a/k/a "Rhino"

**18 U.S.C. § 1962(d) [Racketeering Conspiracy]**
**Count 1 (Class A Felony):**
Imprisonment:        up to life
Supervised release:  up to 5 years
Fine:                $250,000
Special assessment:  $100 (mandatory)

**18 U.S.C. § 1959(a)(5) [Conspiracy to Commit Murder in Aid of Racketeering Activity]**
**Count 2 (Class C Felony):**
Imprisonment:        up to 10 years
Supervised release:  up to 3 years
Fine:                $250,000
Special assessment:  $100 (mandatory)

**18 U.S.C. § 1959(a)(6) [Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity]**
**Count 3 (Class E Felony):**
Imprisonment:        up to 3 years
Supervised release:  up to 1 year
Fine:                $250,000
Special assessment:  $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-4]**
**Count 9 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:        Mandatory minimum term of life in prison (if death not imposed)
Supervised release:  up to 5 years
Fine:                $250,000
Special assessment:  $100 (mandatory)

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-5]**
**Count 10 (Class A Felony):**
**The maximum punishment is death**

| | |
|---|---|
| Imprisonment: | Mandatory minimum term of life in prison (if death not imposed) |
| Supervised release: | up to 5 years |
| Fine: | $250,000 |
| Special assessment: | $100 (mandatory) |

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victims 4 and 5]**
**Count 11 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**

| | |
|---|---|
| Supervised release: | up to 5 years |
| Fine: | $250,000; |
| Special assessment: | $100 (mandatory) |

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT

☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*FILED*

*MAR 20 2018*

*SUSAN Y. SOONG*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

### OFFENSE CHARGED

See Penalty Sheet Attachment

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:   See Penalty Sheet Attachment

─── **DEFENDANT - U.S** ───

▶ WESTON VENEGAS, a/k/a "Cartoon"

**DISTRICT COURT NUMBER**

CR  18  0119

**DEFENDANT**

**IS NOT IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☒ On another conviction   } ☒ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

_____

Has detainer been filed?   ☐ Yes   If "Yes" give date filed
                           ☐ No

**DATE OF ARREST** ▶   Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶   Month/Day/Year

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

HSI SA Alicia MacDonald

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY   ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

_____

Name and Office of Person Furnishing Information on this form   ALEX G. TSE

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   A. Scoble/K. Hopkins

☐ This report amends AO 257 previously submitted

─── **ADDITIONAL INFORMATION OR COMMENTS** ───

PROCESS:

☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT:
## <u>WESTON VENEGAS, a/k/a "Cartoon"</u>

**18 U.S.C. §§ 1959(a)(1) and 2 [Murder in Aid of Racketeering Activity, Victim-7]**
**Count 14 (Class A Felony):**
**The maximum punishment is death**
Imprisonment:         Mandatory minimum term of life in prison (if death not imposed)
Supervised release:   up to 5 years
Fine:                 $250,000
Special assessment:   $100 (mandatory)

**18 U.S.C. §§ 924(j)(1) and 2 [Use/Possession of Firearm in Furtherance of Crime of Violence, Resulting in Death, Victim-7]**
**Count 15 (Class A Felony):**
**Maximum punishment is death, or life imprisonment (if killing is murder as defined in 18 U.S.C. § 1111)**
Supervised release:   up to 5 years
Fine:                 $250,000;
Special assessment:   $100 (mandatory)

ALEX G. TSE (CABN 152348)
Acting United States Attorney



FILED

2018 MAR 20  P 2: 52

CLERK, ...
NO. DIST. OF CA.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CRB

| | |
|---|---|
| UNITED STATES OF AMERICA | **CR 18 0119** |
| v. | |
| (1)  JONATHAN AGUILAR,<br>    a/k/a "Trompo," | <u>VIOLATIONS</u>:  Title 18, United States Code, Section<br>1962(d) – Racketeering Conspiracy; Title 18, United |
| (2)  LUIS CID-SALINAS,<br>    a/k/a "Lonely," a/k/a "Lonely Boy," | States Code, Section 1959(a)(1) – Murder in Aid of<br>Racketeering; Title 18, United States Code, Section |
| (3)  JUAN CARLOS GALLARDO,<br>    a/k/a "Huero," | 1959(a)(5) – Conspiracy to Commit Murder in Aid of<br>Racketeering; Title 18, United States Code, Section |
| (4)  JOSUE GONZALEZ,<br>    a/k/a "Ghost," a/k/a "Fedi," | 1959(a)(6) – Conspiracy to Commit Assault with a<br>Dangerous Weapon in Aid of Racketeering; Title 18, |
| (5)  ORLANDO CARLOS HERNANDEZ,<br>    a/k/a "Chisto," | United States Code, Section 924(j)(1) – Use of<br>Firearm Causing Murder; Title 18, United States |
| (6)  MICHAEL REBOLLEDO,<br>    a/k/a "Gallo," | Code, Section 2 – Aiding & Abetting; Title 18,<br>United States Code, Sections 924(d) and 1963, and |
| (7)  MARIO REYES,<br>    a/k/a "Shy Boy," | Title 28, United States Code, Section 2461(c) –<br>Criminal Forfeiture |
| (8)  LUIS ROJAS,<br>    a/k/a "Grizz," a/k/a "Grizzly," | |
| (9)  EDDY URBINA,<br>    a/k/a "Rhino," | SAN FRANCISCO VENUE |
| (10)  WESTON VENEGAS,<br>    a/k/a "Cartoon," | ~~UNDER SEAL~~ |
| Defendants. | |

INDICTMENT

1

INDICTMENT

The Grand Jury charges, with all dates being approximate and all date ranges both approximate and inclusive, and at all times relevant to this Indictment:

Introduction

1.      The 19th Street Sureños gang, which has existed since at least the late 1990s, is a predominantly Hispanic street gang that claims the area centered around 19th Street and Mission Street, in the Mission District of San Francisco, as its territory or "turf." The claimed turf includes the area bounded by 19th Street to the South, 16th Street to the North, Folsom Street to the East, and Dolores Street to the West. The claimed turf also includes Dolores Park and Franklin Square Park (also known as Bryant Park). The gang seeks to maintain control of drug distribution in its turf. Among other things, the gang's members engage in the sale of narcotics, robberies, and other violent crimes (including murder). In the commission of these crimes, and for defense, 19th Street Sureños gang members use guns and knives.

2.      Members of the 19th Street Sureños gang are closely affiliated with members of the 16th Street Sureños gang, a gang which arose in or about 2003, and whose members claim the area centered around 16th Street and Mission Street, in the Mission District of San Francisco, as their territory. Thus, the gangs claim adjoining turf, and members of the one gang can generally operate freely in the turf of the other. Like the members of the 19th Street Sureños gang, the members of the 16th Street Sureños gang use guns and knives in the commission of crimes and for defense. Some members of the one gang have close relatives in the other. In general terms, the 16th Street Sureños gang is a younger version of the 19th Street Sureños gang. Members of these two gangs commit crimes together, coordinate activities, and engage in violence together to defend their collective territory against rival gangs. The two gangs essentially function as a single, unified association-in-fact, referred to hereafter as "the 19th Street/16th Street Sureños" enterprise.

3.      As its name declares, the 19th Street/16th Street Sureños is a Sureño street gang. Although most the 19th Street/16th Street Sureños members were born in San Francisco, Sureño gang members generally have roots in Southern California or Latin America, and they recognize the primacy of the Mexican Mafia prison gang. They also claim the color blue and the number 13, the number 13

INDICTMENT

1   being a reference to the thirteenth letter of the alphabet ("M"), which is a symbol of the Mexican Mafia.

2   In addition, Sureño gang members utilize phrases such as "Southside" and "Sur" in their graffiti and

3   tattoos as an expression of their gang affiliation.

4       4.      In the San Francisco area, the principal rivals to the 19th Street/16th Street Sureños are

5   the various Norteño gangs. Norteños generally have roots in Northern California, tend to be more

6   racially and ethnically diverse, and recognize the primacy of the *Nuestra Familia* prison gang. They

7   claim the color red and the number 14, the number 14 being a reference to the fourteenth letter of the

8   alphabet ("N"), which is a symbol of *Nuestra Familia*. Norteño gang members also utilize phrases such

9   as "Northside" or "Norte" and the image of the Huelga Bird in their graffiti and tattoos as an expression

10  of their gang affiliation.

11      5.      The 19th Street/16th Street Sureños has been, and continues to be, engaged in violence

12  against Norteños; similarly, Norteños engage in violence against Sureños. Indeed, one of the rules

13  common to both Sureño and Norteño gangs is that members of each side must attack members of the

14  other side. The more brazen the attack, the greater the respect that is given to the attacker by fellow

15  gang members. As a result, innocent bystanders have been injured and even killed simply for being in

16  the wrong place at the wrong time during a gang attack, for being in the physical presence of a gang

17  member, or for being mistaken for a rival gang member (based, for instance, on the mere color of their

18  apparel).

19      6.      In addition to warring with Norteños, the 19th Street/16th Street Sureños also uses

20  violence against its members to enforce the gang's rules. These rules include a prohibition against

21  cooperating with law enforcement in the investigation and prosecution of any criminal case, especially

22  one involving fellow gang members. Depending on the severity of the violation, the punishment can be

23  death.

24      7.      Some members of the 19th Street/16th Street Sureños have admitted their gang

25  membership to law enforcement. Almost all of the 19th Street Sureños gang members have one or more

26  tattoos that reflect gang affiliation. These tattoos include words and symbols that refer to the 19th Street

27  Sureños gang name, such as "19th Streeter," "X9," "XIX," or "CONS" (for Crazy One Nine

28  Soldier/Sureño), or a reference to being a member of the Sureño gang, such as "13," "SUR," "X3," or

INDICTMENT

1   the Mayan symbol for the number thirteen, which is depicted by two horizontal and parallel black bars

2   with three horizontal black dots on top. In similar fashion, 16th Street Sureños gang members often

3   have one or more tattoos, including "16" or "XVI" or "VL" (for "Vatos Locos").

4          8.      In order to join the 19th Street/16th Street Sureños, members are typically required to

5   undergo an initiation process, often referred to as being "jumped in" to the gang. During this initiation,

6   members of the 19th Street Sureños gang beat the new member, usually until a gang member finishes

7   counting to thirteen, or, sometimes, to nineteen (or, in the case of the 16th Street Sureños gang, to

8   sixteen), out loud.

9          9.      Members of the 19th Street/16th Street Sureños are expected to protect the name,

10  reputation, and status of the gang from rival gang members and other persons. Member of the 19th

11  Street/16th Street Sureños require that all individuals show respect and deference to the gang and its

12  membership. To protect the gang and to enhance its reputation, the 19th Street/16th Street Sureños

13  members are expected to use any means necessary to force respect from those who show disrespect,

14  including acts of intimidation and violence.

15         10.     Members of the 19th Street/16th Street Sureños engage in criminal activity, including

16  murder, attempted murder, narcotics distribution, assault, robbery, and obstructing justice by threatening

17  and intimidating fellow gang members and others whom they believe to be cooperating with law

18  enforcement. Members of the 19th Street/16th Street Sureños are often required to commit acts of

19  violence to maintain membership and discipline within the gang, including violence against rival gang

20  members or those they perceive to be rival gang members, as well as 19th Street/16th Street Sureños

21  members and associates who violate the gang's rules. As a result of the 19th Street/16th Street Sureños'

22  use of violence, innocent persons are sometimes injured or killed. Participation in criminal activity by a

23  member of the 19th Street/16th Street Sureños, particularly violent acts directed at rival gang members

24  or as ordered by the gang's leadership, increases the level of respect accorded that member, resulting in

25  that member's maintaining or increasing his position in the gang, and possibly resulting in recognition as

26  a leader.

27         11.     The leaders of the 19th Street/16th Street Sureños are called "shot callers" or "La

28  Palabra," that is, "the Word." Above the "shot callers" are higher ranking leaders, often referred to as

INDICTMENT

the "big homies," some of whom are incarcerated, who convey their orders through, among other means, the use of telephones that are brought into prisons. The leaders of the 19th Street/16th Street Sureños resolve disputes between gang members, address organizational issues, and participate in significant gang decisions, such as whether to authorize the killing of 19th Street/16th Street Sureños members, associates, and other individuals suspected of cooperating with law enforcement or otherwise breaking rules of the 19th Street/16th Street Sureños.

12.     Members of the 19th Street/16th Street Sureños communicate about gang activities with other members of the 19th Street/16th Street Sureños in San Francisco and elsewhere using mobile telephones, telephone text messages, notes or "kites," and other modes of communication.

<u>The Racketeering Enterprise</u>

13.     The 19th Street/16th Street Sureños, including its leadership, members, and associates, such as the members of the "G-Block" gang in the Tenderloin area of San Francisco, in the Northern District of California and elsewhere, constitute an "enterprise" as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact, which is engaged in, or the activities of which affect, interstate or foreign commerce. The enterprise constitutes an ongoing organization whose members function as a continuing unit for a common purpose of achieving the objectives of the enterprise.

<u>Purposes of the Enterprise</u>

14.     The purposes of the 19th Street/16th Street Sureños enterprise include the following:

a.     Preserving and protecting the power, territory, reputation, and profits of the enterprise through the use of intimidation, violence, threats of violence, assaults, and murder;

b.     Promoting and enhancing the enterprise and the activities of its members and associates through criminal acts, including, but not limited to, murder, attempted murder, narcotics trafficking, robbery, and other criminal activities;

c.     Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates through violence and threats of violence;

d.     Providing financial support and information to 19th Street/16th Street Sureños members and associates, including those members and associates who are incarcerated; and

INDICTMENT

e.    Providing assistance to other 19th Street/16th Street Sureños members and associates who have committed crimes for and on behalf of the gang, in order to hinder, obstruct, and prevent law enforcement officers from identifying, apprehending, and successfully prosecuting and punishing the offenders.

## The Defendants

15.    The defendant, JONATHAN AGUILAR, a/k/a "Trompo," has been a member of the 16th Street Sureños gang since at least 2003.  Among the ways in which he participated in the conduct of the affairs of the enterprise are the following.  He has sold drugs in and outside gang territory, including crack cocaine.  He has carried firearms and dangerous weapons in gang territory.  On March 14, 2006, along with fellow gang member MICHAEL REBOLLEDO, he murdered, and aided and abetted the murder, of Victim-1 and Victim-2, two suspected gang rivals, and attempted to murder two others, in the 1900 block of Mission Street.  On September 29, 2007, AGUILAR participated with MICHAEL REBOLLEDO and other gang members in a drive-by shooting of suspected rivals in the vicinity of York Street and 24th Street.  AGUILAR has the following gang-related tattoos: on his right forearm, "X3" and a Playboy Bunny with three dots under its eye; behind his left ear, three dots; on his abdomen, "Vatos Locos."

16.    The defendant, LUIS CID-SALINAS, a/k/a "Lonely," a/k/a "Lonely Boy," has been a member of the 19th Street Sureños gang since at least 2003.  Among the ways in which he participated in the conduct of the affairs of the enterprise are the following.  He has sold drugs, and helped fellow gang members sell drugs, in gang territory, including cocaine powder, crack cocaine, and heroin.  He has carried firearms and dangerous weapons in gang territory.  On March 24, 2006, he aided and abetted fellow gang members, including MICHAEL REBOLLEDO, in a hunt for gang rivals and the murder of Victim-3.  On March 30, 2013, he aided and abetted fellow gang members, including ORLANDO CARLOS HERNANDEZ and WESTON VENEGAS, in a hunt for gang rivals and in the murder of Victim-7.  CID-SALINAS has the following gang-related tattoo:  a large "19" on his right shoulder.

17.    The defendant, JUAN CARLOS GALLARDO, a/k/a "Huero," has been a member of the 16th Street Sureños gang since at least 2003.  Among the ways in which he participated in the conduct of the affairs of the enterprise are the following.  He has sold drugs in gang territory.  He has committed

INDICTMENT

6

1  assaults and strong-arm robberies in gang territory, and has committed assaults on suspected rivals

2  outside gang territory.  He has carried firearms and dangerous weapons in gang territory.  On  February

3  28, 2009, GALLARDO fatally shot a suspected gang rival (Victim-6, who was sixteen years old at the

4  time) at a birthday party in Richmond, California.  GALLARDO has at least the following gang-related

5  tattoos: "VLS" and three dots on the web of his left hand.  In the past he has had a "SUR" tattoo on his

6  right leg.

7       18.     JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi," has been a member of the 19th Street

8  Sureños gang since at least 1999.  Among the ways in which he participated in the conduct of the affairs

9  of the enterprise are the following.  He has sold drugs in and outside gang territory, including cocaine

10  powder and crack cocaine.  He has committed assaults in gang territory.  On September 4, 2008,

11  GONZALEZ participated in a retaliatory double murder against suspected gang rivals, serving as

12  getaway driver for fellow gang members EDDY URBINA and LUIS ROJAS, who shot and killed

13  Victim-4 and Victim-5.  After that double murder, he took steps to conceal evidence of his participation

14  in the murders.  GONZALEZ has the following gang-related tattoos:   "SUR PANCHO" on his

15  abdomen; "VT 19 ST" above a Playboy Bunny on his left shoulder; three dots on fingers of his left

16  hand; "Beto Lil Flaco RIP" on his upper back.

17       19.     The defendant, ORLANDO CARLOS HERNANDEZ, a/k/a "Chisto," has been a

18  member of the 19th Street Sureños gang since at least 2000.  Among the ways in which he participated

19  in the conduct of the affairs of the enterprise are the following.  He has sold drugs in gang territory.  He

20  has committed strong-arm robberies in gang territory, and has committed assaults in gang territory.  He

21  has committed, and helped fellow gang members commit, assaults with a dangerous weapon.  He has

22  committed assaults on suspected rivals outside gang territory.  He has carried firearms and dangerous

23  weapons in gang territory.  On November 13, 2013, he assisted fellow gang members in an assault on

24  gang rivals, in the course of which one of his fellow gang members shot one of the rivals; afterward,

25  HERNANDEZ assisted his fellow gang members in escaping law enforcement detection.  On March 30,

26  2013, he assisted fellow gang members LUIS CID-SALINAS and WESTON VENEGAS in a hunt for

27  gang rivals and in the murder of Victim-7.  He has the following gang-related tattoos: "C19S" across

28  his abdomen; "13" on his left triceps; "19st" on his right bicep; "South 13" on his right forearm, and

INDICTMENT

1  "Sider 19st" on his left forearm.

2      20.    The defendant, MICHAEL REBOLLEDO, a/k/a "Gallo," has been a member and leader

3  of the 16th Street Sureños gang, which he helped found, since at least 2003. Among the ways in which

4  he participated in the conduct of the affairs of the enterprise are the following. He has acquired, sold,

5  and loaned out firearms on behalf of the gang. He has distributed controlled substances, including

6  cocaine and crack cocaine. On March 14, 2006, in the vicinity of Mission and 15th Streets in San

7  Francisco, MICHAEL REBOLLEDO, with the assistance of JONATHAN AGUILAR, murdered,

8  Victim-1 and Victim-2, and wounded two other individuals, believing the victims to be rival gang

9  members. On March 24, 2006, REBOLLEDO joined other gang members in planning the shooting of

10  gang rivals, and provided a firearm for use in the venture, resulting in the murder of Victim-3. On

11  March 7, 2007, REBOLLEDO undertook a retaliatory shooting on behalf of members of the G-Block

12  gang, resulting in the wounding of a victim. On September 29, 2007, REBOLLEDO participated with

13  JONATHAN AGUILAR and other gang members in a drive-by shooting of suspected rivals in the

14  vicinity of York Street and 24th Street. On November 17, 2010, REBOLLEDO instigated a hunt for

15  gang rivals and provided a firearm to a new member of the 16th Street Sureños gang, resulting in the

16  shooting of a suspected gang rival, who was paralyzed by the shooting. On February 27, 2011, in the

17  vicinity of Alabama and Precita Streets in San Francisco, REBOLLEDO assisted two members of the

18  19th Street Sureños gang in the shooting of a suspected gang rival, who was paralyzed by the shooting.

19  On other occasions, REBOLLEDO has provided a firearm or firearms to members of the 19th Street/

20  16th Street Sureños for use against individuals believed to be rival gang members. On January 14, 2012,

21  REBOLLEDO provided a 9mm Luger pistol to a 19th Street Sureños gang member to shoot a rival who

22  had come armed into the gang's territory. REBOLLEDO has the following gang-related tattoos: "V"

23  and "L" on his shoulders, with "SIXTEEN" inside the "V" and "STREET" inside the "L;" a tattoo with

24  "RIP Marciano VL."

25      21.    The defendant, MARIO REYES, a/k/a "Shy Boy," has been a member of the 19th Street

26  Sureños gang since at least 1997. Among the ways in which he participated in the conduct of the affairs

27  of the enterprise are the following. He has sold drugs in gang territory, including crack cocaine. He

28  helped fellow gang members defend gang territory against rivals. He has participated in the assault of

INDICTMENT

1    rivals in gang territory and in rivals' territory. On March 30, 2013, REYES joined a group of fellow
2    gang members in planning a hunt for rivals. This group included fellow gang members ORLANDO
3    HERNANDEZ, LUIS CID-SALINAS, and WESTON VENEGAS, who participated in the hunt and
4    fatal shooting of Victim-7. REYES has the following gang-related tattoo: "SUR 13" on his right upper
5    arm.

6        22.    The defendant, LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," has been a member of the
7    19th Street Sureños gang since at least 2003. Among the ways in which he participated in the conduct
8    of the affairs of the enterprise are the following. He has carried firearms and committed assaults in gang
9    territory. On September 4, 2008, in the vicinity of 24th and Utah Streets in San Francisco, ROJAS,
10   along with gunman EDDY URBINA and getaway driver JOSUE GONZALEZ, shot and killed Victim-4
11   and Victim-5, who they believed were rival gang members, in retaliation for the murder of a fellow gang
12   member earlier that day. In this same shooting, Victim-12 was wounded. On March 2, 2011, in the
13   vicinity of 24th and Harrison Streets in San Francisco, ROJAS fired numerous rounds at two individuals
14   believed to be rival gang members, hitting and wounding one of them, and hitting several homes in the
15   vicinity.

16       23.    The defendant, EDDY URBINA, a/k/a "Rhino," has been a member of the 19th Street
17   Sureños gang since at least 2003. Among the ways in which he participated in the conduct of the affairs
18   of the enterprise are the following. He has sold drugs in gang territory, including heroin. He has
19   committed strong-arm robberies in gang territory. He has carried firearms in gang territory, and
20   maintained firearms and ammunition at his residence. On or about September 4, 2008, in the vicinity of
21   24th and Utah Streets in San Francisco, URBINA, along with gunman LUIS ROJAS and getaway driver
22   JOSUE GONZALEZ, shot and killed Victim-4 and Victim-5, who they believed were rival gang
23   members, in retaliation for the murder of a fellow gang member earlier that day. In January 2015,
24   URBINA sent a letter to a fellow gang member in jail, attempting to reveal in coded language the
25   identities of persons cooperating against the gang. URBINA has the following gang-related tattoos:
26   "RIP Sharky" on his left forearm; "19" on his right triceps and "ST" on his left triceps; one dot on the
27   right wrist and three dots on the left wrist; "CONS" and "XIX" on his abdomen; a street sign with
28   "Mission" and "19th" depicted within a San Francisco Giants logo, on his left forearm.

INDICTMENT

24.     The defendant, WESTON VENEGAS, a/k/a "Cartoon," has been a member of the 19th Street Sureños gang since at least 2005. Among the ways in which he participated in the conduct of the affairs of the enterprise are the following. He has carried firearms and dangerous weapons in gang territory. He has committed assaults of suspected rivals in and outside of gang territory. On March 30, 2013, he aided and abetted fellow gang members, including ORLANDO CARLOS HERNANDEZ and LUIS CID-SALINAS, in a hunt for gang rivals and in the murder of Victim-7. He has the following gang-related tattoos: a large "SFM" (believed to signify "San Francisco Mission") on his throat, with "Most Hated" below these letters; one dot beside his right eye and three dots beside his left eye; "South" on his right forearm and "Sider" on his left forearm; a large, "13" over the web of his left hand, and "XIX" over the first three fingers of his left hand; "I [heart image] 19ST" on the side of his left middle finger; a huge "CONS" over his abdomen; "ONE" and "NINE" on his legs.

25.     The defendants, who are associates, members, and leaders of the 19th Street/16th Street Sureños, acted individually, with each other, and also with non-member associates of the 19th Street/16th Street Sureños in the commission of racketeering activities and other criminal conduct.

<u>COUNT ONE</u>:          (18 U.S.C. § 1962(d) — Racketeering Conspiracy)

<u>The Racketeering Conspiracy</u>

26.     Paragraphs 1 through 25 are realleged and incorporated by reference as though fully set forth herein.

27.     From 2003 up through and including the present, in the Northern District of California and elsewhere, the defendants,

JONATHAN AGUILAR, a/k/a "Trompo,"

JUAN CARLOS GALLARDO, a/k/a "Huero,"

JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

MICHAEL REBOLLEDO, a/k/a "Gallo,"

MARIO REYES, a/k/a "Shy Boy,"

LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly,"

EDDY URBINA, a/k/a "Rhino,"

together with others known and unknown, each being a person employed by and associated with the

INDICTMENT

19th Street/16th Street Sureños, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully, knowingly, and intentionally conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the 19th Street/16th Street Sureños enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

a.    multiple acts and threats involving murder, in violation of California Penal Code Sections 187, 188, 189, 182, 31, 21a, 664, 653f, and 422; and robbery, in violation of California Penal Code Sections 211, 212, 212.5, 213, 182, 31, 21a, 664, 653f, and 422;

b.    multiple offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846; and

c.    multiple acts indictable under Title 18, United States Code, Sections 1512 (relating to tampering with a witness, a victim, or an informant) and 1503 (relating to obstruction of justice).

28.    It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

<u>Means and Methods of the Conspiracy</u>

29.    It was part of the means and methods of the conspiracy that the defendants and other members and associates of the enterprise agreed to purchase, possess, maintain, use, and circulate a collection of firearms for use in criminal activity by the members and associates of the enterprise.

30.    It was further part of the means and methods of the conspiracy that the defendants and other members and associates of the enterprise agreed that acts of violence, including murder, attempted murder, and assault, would be committed by members and associates of the enterprise against actual and suspected members of rival gangs, individuals suspected of cooperating with law enforcement, individuals who defied the will of the enterprise, and others when such violence furthered the status and goals of the enterprise.

31.    It was further part of the means and methods of the conspiracy that the defendants and

INDICTMENT

11

1    other members and associates of the enterprise agreed to commit robbery and drug trafficking, and other

2    crimes, and to conceal their criminal activities by obstructing justice, threatening and intimidating

3    witnesses, and other means.

4        All in violation of Title 18, United States Code, Section 1962(d).

5    <u>COUNT TWO:</u>        (18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Murder in Aid of

6                             Racketeering)

7        32.    Paragraphs 1 through 25 are realleged and incorporated by reference as though fully set

8    forth herein.

9        33.    The 19th Street/16th Street Sureños, the above-described enterprise, through its members

10   and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections

11   1959(b)(1) and 1961(1), namely:  multiple acts and threats involving murder, in violation of California

12   Penal Code Sections 187, 188, 189, 182, 31, 21a, 664, 653f, and 422; and multiple acts and threats

13   involving robbery, in violation of California Penal Code Sections 211, 212, 212.5, 213, 182, 31, 21a,

14   664, 653f, and 422; multiple offenses involving dealing in controlled substances, in violation of Title 21,

15   United States Code, Sections 841(a)(1) and 846; and multiple acts indictable under Title 18, United

16   States Code, Sections 1512 (relating to tampering with a witness, a victim, or an informant) and 1503

17   (relating to obstruction of justice).

18       34.    Since at least 2003 and continuing up through and including the present, in the Northern

19   District of California and elsewhere, for the purpose of gaining entrance to and maintaining and

20   increasing position in the 19th Street/16th Street Sureños, an enterprise engaged in racketeering activity,

21   the defendants,

22                        JONATHAN AGUILAR, a/k/a "Trompo,"

23                        JUAN CARLOS GALLARDO, a/k/a "Huero,"

24                        JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

25                        MICHAEL REBOLLEDO, a/k/a "Gallo,"

26                        MARIO REYES, a/k/a "Shy Boy,"

27                        LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly,"

28                        EDDY URBINA, a/k/a "Rhino,"

INDICTMENT

1  together with others known and unknown, unlawfully, knowingly, and intentionally combined,

2  conspired, confederated, and agreed together and with each other to commit murder, in violation of

3  California Penal Code Sections 187, 188, and 189, to wit, the defendants agreed together and with each

4  other to kill actual and suspected Norteños, actual and suspected members of other rival gangs,

5  individuals who defied the will of the 19th Street/16th Street Sureños, and individuals suspected of

6  cooperating with law enforcement.

7       All in violation of Title 18, United States Code, Section 1959(a)(5).

8  <u>COUNT THREE</u>:     (18 U.S.C. § 1959(a)(6) – Conspiracy to Commit Assault with a Dangerous

9            Weapon in Aid of Racketeering)

10       35.     Paragraphs 1 through 25 and 33 are realleged and incorporated by reference as though

11  fully set forth herein.

12       36.     Since at least 2003 and continuing up through and including the present, in the Northern

13  District of California and elsewhere, for the purpose of gaining entrance to and maintaining and

14  increasing position in the 19th Street/16th Street Sureños, an enterprise engaged in racketeering activity,

15  the defendants,

16            JONATHAN AGUILAR, a/k/a "Trompo,"

17            JUAN CARLOS GALLARDO, a/k/a "Huero,"

18            JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

19            MICHAEL REBOLLEDO, a/k/a "Gallo,"

20            MARIO REYES, a/k/a "Shy Boy,"

21            LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly,"

22            EDDY URBINA, a/k/a "Rhino,"

23  together with others known and unknown, unlawfully, knowingly, and intentionally combined,

24  conspired, confederated, and agreed together and with each other to commit assault with a dangerous

25  weapon, in violation of California Penal Code Section 245(a)(1) and (2), to wit, the defendants agreed

26  together and with each other to assault with firearms, knives, and other dangerous weapons actual and

27  suspected Norteños, actual and suspected members of other gangs, individuals who defied the will of the

28  19th Street/16th Street Sureños, and individuals suspected of cooperating with law enforcement.

INDICTMENT

1    All in violation of Title 18, United States Code, Section 1959(a)(6).

2    COUNT FOUR:  (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-1)

3        37.    Paragraphs 1 through 25 and 33 are realleged and incorporated by reference

4    as though fully set forth herein.

5        38.    On March 14, 2006, in the Northern District of California, for the purpose of

6    gaining entrance to, and maintaining and increasing position in, the 19th Street/16th Street Sureños, an

7    enterprise engaged in racketeering activity, defendants,

8    JONATHAN AGUILAR, a/k/a "Trompo," and

9    MICHAEL REBOLLEDO, a/k/a "Gallo,"

10    each aided and abetted by the other, together with others known and unknown, unlawfully, knowingly,

11    and intentionally murdered Victim-1, in violation of California Penal Code Sections 187, 188, 189, and

12    31.

13        All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

14    COUNT FIVE:  (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-2)

15        39.    Paragraphs 1 through 25 and 33 are realleged and incorporated by reference

16    as though fully set forth herein.

17        40.    On March 14, 2006, in the Northern District of California, for the purpose of

18    gaining entrance to, and maintaining and increasing position in, the 19th Street/16th Street Sureños, an

19    enterprise engaged in racketeering activity, defendants,

20    JONATHAN AGUILAR, a/k/a "Trompo," and

21    MICHAEL REBOLLEDO, a/k/a "Gallo,"

22    each aided and abetted by the other, together with others known and unknown, unlawfully, knowingly,

23    and intentionally murdered Victim-2, with the death of Victim-2 ultimately occurring on or about

24    October 24, 2006, in violation of California Penal Code Sections 187, 188, 189, and 31.

25        All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

26

27    //

28    //

INDICTMENT

1  COUNT SIX: (18 U.S.C. §§ 924(j)(1) and 2 – Use of a Firearm Causing Murder of Victim-1 and

2                    Victim-2)

3      41.    On March 14, 2006, in the Northern District of California, defendants,

4                    JONATHAN AGUILAR, a/k/a "Trompo," and

5                    MICHAEL REBOLLEDO, a/k/a "Gallo,"

6  each aided and abetted by the other, together with others known and unknown, unlawfully and

7  knowingly used and carried a firearm during and in relation to a crime of violence for which they may

8  be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-1 and

9  of Victim-2 charged in Counts Four and Five of this Indictment, and possessed a firearm in furtherance

10  of such crime, and in the course of that crime, caused the death of a person through the use of a firearm,

11  which killing was murder as defined in Title 18, United States Code, Section 1111(a).

12      All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

13  COUNT SEVEN: (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-3)

14      42.    Paragraphs 1 through 25 and 33 are realleged and incorporated by reference

15  as though fully set forth herein.

16      43.    On March 24, 2006, in the Northern District of California, for the purpose of

17  gaining entrance to, and maintaining and increasing position in, the 19th Street/16th Street Sureños, an

18  enterprise engaged in racketeering activity, defendants,

19                    LUIS CID-SALINAS, a/k/a "Lonely," a/k/a "Lonely Boy," and

20                    MICHAEL REBOLLEDO, a/k/a "Gallo,"

21  each aided and abetted by the other, together with others known and unknown, unlawfully, knowingly,

22  and intentionally murdered Victim-3, in violation of California Penal Code Sections 187, 188, 189, and

23  31.

24      All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

25  COUNT EIGHT: (18 U.S.C. §§ 924(j)(1) and 2 – Use of a Firearm Causing Murder of Victim-3)

26      44.    On March 24, 2006, in the Northern District of California, defendants,

27                    LUIS CID-SALINAS, a/k/a "Lonely," a/k/a "Lonely Boy," and

28                    MICHAEL REBOLLEDO, a/k/a "Gallo,"

INDICTMENT

15

1  each aided and abetted by the other, together with others known and unknown, unlawfully and

2  knowingly used and carried a firearm during and in relation to a crime of violence for which they may

3  be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-3

4  charged in Count Seven of this Indictment, and possessed a firearm in furtherance of such crime, and in

5  the course of that crime, caused the death of a person through the use of a firearm, which killing was

6  murder as defined in Title 18, United States Code, Section 1111(a).

7       All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

8  COUNT NINE:  (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-4)

9       45.    Paragraphs 1 through 25 and 33 are realleged and incorporated by reference

10  as though fully set forth herein.

11       46.    On September 4, 2008, in the Northern District of California, for the purpose of

12  gaining entrance to, and maintaining and increasing position in, the 19th Street/16th Street Sureños, an

13  enterprise engaged in racketeering activity, defendants,

14              JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

15              LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," and

16              EDDY URBINA, a/k/a "Rhino,"

17  each aided and abetted by the other, together with others known and unknown, unlawfully, knowingly,

18  and intentionally murdered Victim-4,  in violation of California Penal Code Sections 187, 188, 189, and

19  31.

20       All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

21  COUNT TEN:  (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-5)

22       47.    Paragraphs 1 through 25 and 33 are realleged and incorporated by reference

23  as though fully set forth herein.

24       48.    On September 4, 2008, in the Northern District of California, for the purpose of

25  gaining entrance to, and maintaining and increasing position in, the 19th Street/16th Street Sureños, an

26  enterprise engaged in racketeering activity, defendants,

27              JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

28              LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," and

INDICTMENT

1    EDDY URBINA, a/k/a "Rhino,"

2  each aided and abetted by the other, together with others known and unknown, unlawfully, knowingly,

3  and intentionally murdered Victim-5, in violation of California Penal Code Sections 187, 188, 189, and

4  31.

5    All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

6  COUNT ELEVEN:  (18 U.S.C. §§ 924(j)(1) and 2 – Use of a Firearm Causing Murder of Victim-4 and

7    Victim-5)

8    49.    On September 4, 2008, in the Northern District of California, defendants,

9    JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

10    LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," and

11    EDDY URBINA, a/k/a "Rhino,"

12  each aided and abetted by the other, together with others known and unknown, unlawfully and

13  knowingly used and carried a firearm during and in relation to a crime of violence for which they may

14  be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-4 and

15  of Victim-5 charged in Counts Nine and Ten of this Indictment, and possessed a firearm in furtherance

16  of such crime, and in the course of that crime, caused the death of a person through the use of a firearm,

17  which killing was murder as defined in Title 18, United States Code, Section 1111(a).

18    All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

19  COUNT TWELVE:  (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-6)

20    50.    Paragraphs 1 through 25 and 33 are realleged and incorporated by reference

21  as though fully set forth herein.

22    51.    On February 28, 2009, in the Northern District of California, for the purpose of

23  gaining entrance to, and maintaining and increasing position in, the 19th Street/16th Street Sureños, an

24  enterprise engaged in racketeering activity, defendant,

25    JUAN CARLOS GALLARDO, a/k/a "Huero,"

26  together with others known and unknown, unlawfully, knowingly, and intentionally murdered Victim-6,

27  in violation of California Penal Code Sections 187, 188, 189, and 31.

28    All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

INDICTMENT

1  COUNT THIRTEEN: (18 U.S.C. §§ 924(j)(1) and 2 – Use of a Firearm Causing Murder of Victim-6)

2      52.     On February 28, 2009, in the Northern District of California, the defendant,

3                          JUAN CARLOS GALLARDO, a/k/a "Huero,"

4  together with others known and unknown, unlawfully and knowingly used and carried a firearm during

5  and in relation to a crime of violence for which they may be prosecuted in a court of the United States,

6  namely, the murder in aid of racketeering of Victim-6 charged in Count Twelve of this Indictment, and

7  possessed a firearm in furtherance of such crime, and in the course of that crime, caused the death of a

8  person through the use of a firearm, which killing was murder as defined in Title 18, United States

9  Code, Section 1111(a).

10     All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

11  COUNT FOURTEEN:  (18 U.S.C. §§ 1959(a)(1) and 2 – Murder in Aid of Racketeering of Victim-7)

12     53.     Paragraphs 1 through 25 and 33 are realleged and incorporated by reference

13  as though fully set forth herein.

14     54.     On March 30, 2013, in the Northern District of California, for the purpose of gaining

15  entrance to, and maintaining and increasing position in, the 19th Street/16th Street Sureños, an

16  enterprise engaged in racketeering activity, defendants,

17                      LUIS CID-SALINAS, a/k/a "Lonely," a/k/a "Lonely Boy,"

18                      ORLANDO CARLOS HERNANDEZ, a/k/a "Chisto," and

19                      WESTON VENEGAS, a/k/a "Cartoon,"

20  each aided and abetted by the other, together with others known and unknown, unlawfully, knowingly,

21  and intentionally murdered Victim-7, in violation of California Penal Code Sections 187, 188, 189, and

22  31.

23     All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

24  COUNT FIFTEEN:  (18 U.S.C. §§ 924(j)(1) and 2 – Use of a Firearm Causing Murder of Victim-7)

25     55.     On March 30, 2013, in the Northern District of California, defendants,

26                      LUIS CID-SALINAS, a/k/a "Lonely,"

27                      ORLANDO CARLOS HERNANDEZ, a/k/a "Chisto," and

28                      WESTON VENEGAS, a/k/a "Cartoon,"

INDICTMENT

1  each aided and abetted by the other, together with others known and unknown, unlawfully and

2  knowingly used and carried a firearm during and in relation to a crime of violence for which they may

3  be prosecuted in a court of the United States, namely, the murder in aid of racketeering of Victim-7

4  charged in Count Fourteen of this Indictment, and possessed a firearm in furtherance of such crime, did

5  possess a firearm, and in the course of that crime, caused the death of a person through the use of a

6  firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a).

7     All in violation of Title 18, United States Code, Sections 924(j)(1) and 2.

8

9  FORFEITURE ALLEGATION:     (18 U.S.C. §§ 924(d), 1963; 28 U.S.C. § 2461(c))

10    56.    The factual allegations contained in Counts One through Fifteen of this Indictment are

11 hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture

12 pursuant to the provisions of 18 U.S.C. §§ 924(d) and 1963, and 28 U.S.C. § 2461(c).

13    57.    Upon conviction of the offense alleged in Count One of this Indictment, the defendants,

14              JONATHAN AGUILAR, a/k/a "Trompo,"

15              JUAN CARLOS GALLARDO, a/k/a "Huero,"

16              JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

17              MICHAEL REBOLLEDO, a/k/a "Gallo,"

18              MARIO REYES, a/k/a "Shy Boy,"

19              LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," and

20              EDDY URBINA, a/k/a "Rhino,"

21 shall forfeit to the United States, pursuant to 18 U.S.C. § 1963: (1) any interest the defendants have

22 acquired or maintained in violation of 18 U.S.C. § 1962; (2) any interest in, security of, claim against, or

23 property or contractual right of any kind affording a source of influence over; any enterprise which the

24 defendant has established, operated, controlled, conducted or participated in the conduct of, in violation

25 of 18 U.S.C. § 1962; and (3) any property (including real property and things growing thereon, affixed

26 thereto and found in land, and any tangible and intangible personal property including rights, privileges,

27 interests, claims, and securities), constituting or derived from any proceeds which the defendants

28 obtained directly or indirectly from racketeering activity in violation of 18 U.S.C. § 1962.

INDICTMENT

58.     Upon conviction of the offenses alleged in Counts Six, Eight, Eleven, Thirteen, and Fifteen, defendants,

JONATHAN AGUILAR, a/k/a "Trompo,"

MICHAEL REBOLLEDO, a/k/a "Gallo,"

LUIS CID-SALINAS, a/k/a "Lonely," a/k/a "Lonely Boy,"

JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly,"

EDDY URBINA, a/k/a "Rhino,"

JUAN CARLOS GALLARDO, a/k/a "Huero,"

ORLANDO CARLOS HERNANDEZ, a/k/a "Chisto," and

WESTON VENEGAS, a/k/a "Cartoon,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 924(j).

59.     If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without
                difficulty;

any and all interest the defendants have in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to 18 U.S.C. § 1963(m).

All pursuant to 18 U.S.C. §§ 924(d) and 1963, and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

NOTICE OF SPECIAL SENTENCING FACTORS FOR COUNT ONE

Number 1:  Conspiracy to Commit Murder

60.     From at least 2003 up through and including the present, in the Northern District of California and elsewhere, the defendants,

INDICTMENT

1    JONATHAN AGUILAR, a/k/a "Trompo,"

2    JUAN CARLOS GALLARDO, a/k/a "Huero,"

3    JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

4    MICHAEL REBOLLEDO, a/k/a "Gallo,"

5    MARIO REYES, a/k/a "Shy Boy,"

6    LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly,"

7    EDDY URBINA, a/k/a "Rhino,"

8    together with others, knowingly and intentionally conspired to commit murder, in violation of California

9    Penal Code Sections 187, 188, 189, 182, specifically, the defendants agreed together with others to kill,

10    with malice aforethought, actual and suspected members of rival gangs, and individuals suspected of

11    cooperating with law enforcement against the 19th Street/16th Street Sureños, and individuals who

12    defied the will of the 19th Street/16th Street Sureños.

13    Number 2:  Murder of Victim-1

14        61.    On March 14, 2006, in the Northern District of California, the defendants,

15    MICHAEL REBOLLEDO, a/k/a "Gallo," and

16    JONATHAN AGUILAR, a/k/a "Trompo,"

17    knowingly and intentionally killed, with malice aforethought, Victim-1, in violation of California Penal

18    Code Sections 187, 188, 189, and 31.

19    Number 3:  Murder of Victim-2

20        62.    On March 14, 2006, with the death ultimately occurring on October 24, 2006, in the

21    Northern District of California, defendants,

22    MICHAEL REBOLLEDO, a/k/a "Gallo," and

23    JONATHAN AGUILAR, a/k/a "Trompo,"

24    knowingly and intentionally killed, with malice aforethought, Victim-2, in violation of California Penal

25    Code Sections 187, 188, 189, and 31.

26    Number 4:  Murder of Victim-3

27        63.    On March 24, 2006, in the Northern District of California, the defendant,

28    MICHAEL REBOLLEDO, a/k/a "Gallo,"

INDICTMENT

1  knowingly and intentionally killed, with malice aforethought, Victim-3, in violation of California Penal

2  Code Sections 187, 188, 189, and 31.

3  Number 5:  Murder of Victim-4

4        64.    On September 4, 2008, in the Northern District of California, defendants,

5                    JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

6                    LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," and

7                    EDDY URBINA, a/k/a "Rhino,"

8  knowingly and intentionally killed, with malice aforethought, Victim-4, in violation of

9  California Penal Code Sections 187, 188, 189, and 31.

10  Number 6:  Murder of Victim-5

11        65.    On September 4, 2008, in the Northern District of California, defendants,

12                    JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

13                    LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," and

14                    EDDY URBINA, a/k/a "Rhino,"

15  knowingly and intentionally killed, with malice aforethought, Victim-5, in violation of California Penal

16  Code Sections 187, 188, 189, and 31.

17  Number 7:  Murder of Victim-6

18        66.    On February 28, 2009, in the Northern District of California, defendant,

19                    JUAN CARLOS GALLARDO, a/k/a "Huero,"

20  knowingly and intentionally killed, with malice aforethought, Victim-6, in violation of California Penal

21  Code Sections 187, 188, 189, and 31.

22  Number 8:  Attempted Murder of Victim-8

23        67.    On March 14, 2006, in the Northern District of California, defendants,

24                    MICHAEL REBOLLEDO, a/k/a "Gallo," and

25                    JONATHAN AGUILAR, a/k/a "Trompo,"

26  knowingly, intentionally and willfully, with deliberation and premeditation, and with malice

27  aforethought, attempted to kill Victim-8, in violation of California Penal Code Sections 187, 188, 189,

28  31, and 664.

INDICTMENT

Number 9:  Attempted Murder of Victim-9

68.    On March 14, 2006, in the Northern District of California, defendants,

MICHAEL REBOLLEDO, a/k/a "Gallo," and

JONATHAN AGUILAR, a/k/a "Trompo,"

knowingly, intentionally and willfully, with deliberation and premeditation, and with malice aforethought, attempted to kill Victim-9, in violation of California Penal Code Sections 187, 188, 189, 31, and 664.

Number 10:  Attempted Murder of Victim-10

69.    On March 7, 2007, in the Northern District of California, defendant,

MICHAEL REBOLLEDO, a/k/a "Gallo,"

knowingly, intentionally and willfully, with deliberation and premeditation, and with malice aforethought, attempted to kill Victim-10, in violation of California Penal Code Sections 187, 188, 189, 31, and 664.

Number 11:  Attempted Murder of Victim-11

70.    On September 29, 2007, in the Northern District of California, defendants,

MICHAEL REBOLLEDO, a/k/a "Gallo," and

JONATHAN AGUILAR, a/k/a "Trompo,"

knowingly, intentionally and willfully, with deliberation and premeditation, and with malice aforethought, attempted to kill Victim-11, in violation of California Penal Code Sections 187, 188, 189, 31, and 664.

Number 12:  Attempted Murder of Victim-12

71.    On September 4, 2008, in the Northern District of California, defendants,

JOSUE GONZALEZ, a/k/a "Ghost," a/k/a "Fedi,"

LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly," and

EDDY URBINA, a/k/a "Rhino,"

knowingly, intentionally and willfully, with deliberation and premeditation, and with malice aforethought, attempted to kill Victim-12, in violation of California Penal Code Sections 187, 188, 189, 31, and 664.

INDICTMENT

1    Number 13:  Attempted Murder of Victim-13

2        72.    On November 17, 2010, in the Northern District of California, defendant,

3                    MICHAEL REBOLLEDO, a/k/a "Gallo,"

4    and others known and unknown, knowingly and intentionally, with deliberation and premeditation, and

5    with malice aforethought, attempted to kill Victim-13, in violation of California Penal Code Sections

6    187, 188, 189, 31, and 664.

7    Number 14:  Attempted Murder of Victim-14

8        73.    On February 17, 2011, in the Northern District of California, defendant,

9                    MICHAEL REBOLLEDO, a/k/a "Gallo,"

10   and others known and unknown, knowingly, intentionally and willfully, with deliberation and

11   premeditation, and with malice aforethought, attempted to kill Victim-14, in violation of California

12   Penal Code Sections 187, 188, 189, 31, and 664.

13   Number 15:  Attempted Murder of Victim-15

14       74.    On March 2, 2011, in the Northern District of California, defendant,

15                    LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly,"

16   knowingly, intentionally and willfully, with deliberation and premeditation, and with malice

17   aforethought, attempted to kill Victim-15, in violation of California Penal Code Sections 187, 188, 189,

18   31, and 664.

19   Number 16:  Attempted Murder of Victim-16

20       75.    On March 2, 2011, in the Northern District of California, defendant,

21                    LUIS ROJAS, a/k/a "Grizz," a/k/a "Grizzly,"

22   knowingly, intentionally and willfully, with deliberation and premeditation, and with malice

23   aforethought, attempted to kill Victim-16, in violation of California Penal Code Sections 187, 188, 189,

24   31, and 664.

25

26   / /

27   / /

28   / /

INDICTMENT

1  NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT JONATHAN AGUILAR

2      76.    The allegations set forth in Counts Four, Five, and Six of this Indictment are hereby

3  realleged and incorporated by reference as if fully set forth herein.

4      77.    As to Counts Four, Five, and Six of this Indictment, the defendant, JONATHAN

5  AGUILAR:

6      (1)    was 18 years of age or older at the time of the offense (Title 18, United States

7  Code, Section 3591(a));

8      (2)    intentionally killed the victims named in the respective counts (Title 18, United

9  States Code, Section 3591(a)(2)(A));

10      (3)    intentionally inflicted serious bodily injury that resulted in the death of the victims

11  named in the respective counts (Title 18, United States Code, Section 3591(a)(2)(B));

12      (4)    intentionally participated in an act, contemplating that the life of a person would

13  be taken or intending that lethal force would be used in connection with a person, other than one of the

14  participants in the offense, and the victims named in the respective counts died as a direct result of the

15  act or acts (Title 18, United States Code, Section 3591(a)(2)(C));

16      (5)    intentionally and specifically engaged in an act of violence, knowing that the act

17  created a grave risk of death to a person, other than one of the participants in the offense, such that

18  participation in the act constituted a reckless disregard for human life and the victims named in the

19  respective counts died as a direct result of the act or acts (Title 18, United States Code, Section

20  3591(a)(2)(D));

21      (6)    in committing these offenses, knowingly created a grave risk of death to one or

22  more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

23      (7)    in committing these offenses, acted after substantial planning and premeditation

24  to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

25      (8)    in committing these offenses, intentionally killed or attempted to kill more than

26  one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

27  //

28  //

INDICTMENT

1  NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT MICHAEL REBOLLEDO

2     78.    The allegations set forth in Counts Four, Five, Six, Seven, and Eight of this Indictment

3  are hereby realleged and incorporated by reference as if fully set forth herein.

4     79.    As to Counts Four, Five, Six, Seven, and Eight of this Indictment, the defendant,

5  MICHAEL REBEOLLEDO:

6         (1)    was 18 years of age or older at the time of the offense (Title 18, United States

7  Code, Section 3591(a));

8         (2)    intentionally killed the victims named in the respective counts (Title 18, United

9  States Code, Section 3591(a)(2)(A));

10         (3)    intentionally inflicted serious bodily injury that resulted in the death of the victims

11  named in the respective counts (Title 18, United States Code, Section 3591(a)(2)(B));

12         (4)    intentionally participated in an act, contemplating that the life of a person would

13  be taken or intending that lethal force would be used in connection with a person, other than one of the

14  participants in the offense, and the victims named in the respective counts died as a direct result of the

15  act or acts (Title 18, United States Code, Section 3591(a)(2)(C));

16         (5)    intentionally and specifically engaged in an act of violence, knowing that the act

17  created a grave risk of death to a person, other than one of the participants in the offense, such that

18  participation in the act constituted a reckless disregard for human life and the victim died as a direct

19  result of the act or acts (Title 18, United States Code, Section 3591(a)(2)(D));

20         (6)    in committing these offenses, knowingly created a grave risk of death to one or

21  more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

22         (7)    in committing these offenses, acted after substantial planning and premeditation

23  to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

24         (8)    in committing these offenses, intentionally killed or attempted to kill more than

25  one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

26

27  //

28  //

INDICTMENT

NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT LUIS CID-SALINAS

80.   The allegations set forth in Counts Seven, Eight, Fourteen, and Fifteen of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

81.   As to Counts Seven, Eight, Fourteen, and Fifteen of this Indictment, the defendant, LUIS CID-SALINAS:

    (1)   was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a));

    (2)   intentionally killed the victims named in the respective counts (Title 18, United States Code, Section 3591(a)(2)(A));

    (3)   intentionally inflicted serious bodily injury that resulted in the death of the victims named in the respective counts (Title 18, United States Code, Section 3591(a)(2)(B));

    (4)   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims named in the respective counts died as a direct result of the act or acts (Title 18, United States Code, Section 3591(a)(2)(C));

    (5)   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims named in the respective counts died as a direct result of the act or acts (Title 18, United States Code, Section 3591(a)(2)(D)); and

    (6)   in these offenses, acted after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT JOSUE GONZALEZ

82.   The allegations set forth in Counts Nine, Ten, and Eleven of this Indictment are hereby realleged and incorporated by reference as if fully set forth herein.

83.   As to Counts Nine, Ten, and Eleven of this Indictment, the defendant, JOSUE GONZALEZ:

    (1)   was 18 years of age or older at the time of the offense (Title 18, United States

INDICTMENT

1  Code, Section 3591(a));

2          (2)    intentionally killed the victims named in the respective counts (Title 18, United

3  States Code, Section 3591(a)(2)(A));

4          (3)    intentionally inflicted serious bodily injury that resulted in the death of the victims

5  named in the respective counts (Title 18, United States Code, Section 3591(a)(2)(B));

6          (4)    intentionally participated in an act, contemplating that the life of a person would

7  be taken or intending that lethal force would be used in connection with a person, other than one of the

8  participants in the offense, and the victims named in the respective counts died as a direct result of the

9  act or acts (Title 18, United States Code, Section 3591(a)(2)(C));

10         (5)    intentionally and specifically engaged in an act of violence, knowing that the act

11  created a grave risk of death to a person, other than one of the participants in the offense, such that

12  participation in the act constituted a reckless disregard for human life and the victims named in the

13  respective counts died as a direct result of the act or acts (Title 18, United States Code, Section

14  3591(a)(2)(D));

15         (6)    in committing these offenses, knowingly created a grave risk of death to one or

16  more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

17         (7)    in committing these offenses, acted after substantial planning and premeditation

18  to cause the death of a person (Title 18, United States Code, Section 3592(c)(9));

19         (8)    in committing these offenses, intentionally killed and attempted to kill more than

20  one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)); and

21         (9)    in committing these offenses, acted after being convicted of two or more State

22  offenses punishable by a term of imprisonment of more than one year, committed on different occasions,

23  involving the distribution of a controlled substance (Title 18, United States Code, Section 3592(c)(10)).

24  NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT LUIS ROJAS

25         84.    The allegations set forth in Counts Nine, Ten, and Eleven of this Indictment are hereby

26  realleged and incorporated by reference as if fully set forth herein.

27         85.    As to Counts Nine, Ten, and Eleven of this Indictment, the defendant, LUIS ROJAS:

28         (1)    was 18 years of age or older at the time of the offense (Title 18, United States

INDICTMENT

28

1  Code, Section 3591(a));

2         (2)    intentionally killed the victims named in the respective counts (Title 18, United

3  States Code, Section 3591(a)(2)(A));

4         (3)    intentionally inflicted serious bodily injury that resulted in the death of the victims

5  named in the respective counts (Title 18, United States Code, Section 3591(a)(2)(B));

6         (4)    intentionally participated in an act, contemplating that the life of a person would

7  be taken or intending that lethal force would be used in connection with a person, other than one of the

8  participants in the offense, and the victims named in the respective counts died as a direct result of the

9  act or acts (Title 18, United States Code, Section 3591(a)(2)(C));

10         (5)    intentionally and specifically engaged in an act of violence, knowing that the act

11  created a grave risk of death to a person, other than one of the participants in the offense, such that

12  participation in the act constituted a reckless disregard for human life and the victims named in the

13  respective counts died as a direct result of the act or acts (Title 18, United States Code, Section

14  3591(a)(2)(D));

15         (6)    in committing these offenses, knowingly created a grave risk of death to one or

16  more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

17         (7)    in committing these offenses, acted after substantial planning and premeditation

18  to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

19         (8)    in committing these offenses, intentionally killed or attempted to kill more than

20  one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

21  NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT EDDY URBINA

22      86.    The allegations set forth in Counts Nine, Ten, and Eleven of this Indictment are hereby

23  realleged as if fully set forth herein and incorporated by reference.

24      87.    As to Counts Nine, Ten, and Eleven of this Indictment, the defendant, EDDY URBINA:

25         (1)    was 18 years of age or older at the time of the offense (Title 18, United States

26  Code, Section 3591(a));

27         (2)    intentionally killed the victims named in the respective counts (Title 18, United

28  States Code, Section 3591(a)(2)(A));

INDICTMENT

1         (3)     intentionally inflicted serious bodily injury that resulted in the death of the victims

2 named in the respective counts (Title 18, United States Code, Section 3591(a)(2)(B));

3         (4)     intentionally participated in an act, contemplating that the life of a person would

4 be taken or intending that lethal force would be used in connection with a person, other than one of the

5 participants in the offense, and the victims named in the respective counts died as a direct result of the

6 act or acts (Title 18, United States Code, Section 3591(a)(2)(C));

7         (5)     intentionally and specifically engaged in an act of violence, knowing that the act

8 created a grave risk of death to a person, other than one of the participants in the offense, such that

9 participation in the act constituted a reckless disregard for human life and the victims named in the

10 respective counts died as a direct result of the act or acts (Title 18, United States Code, Section

11 3591(a)(2)(D));

12         (6)     in committing these offenses, knowingly created a grave risk of death to one or

13 more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

14         (7)     in committing these offenses, acted after substantial planning and premeditation

15 to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

16         (8)     in committing these offenses, intentionally killed or attempted to kill more than

17 one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

18 NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT JUAN CARLOS GALLARDO

19     88.     The allegations set forth in Counts Twelve and Thirteen of this Indictment are hereby

20 realleged and incorporated by reference as if fully set forth herein.

21     89.     As to Counts Twelve and Thirteen of this Indictment, the defendant, JUAN CARLOS

22 GALLARDO:

23         (1)     was 18 years of age or older at the time of the offense (Title 18, United States

24 Code, Section 3591(a));

25         (2)     intentionally killed the victim (Title 18, United States Code, Section

26 3591(a)(2)(A));

27         (3)     intentionally inflicted serious bodily injury that resulted in the death of the victim

28 (Title 18, United States Code, Section 3591(a)(2)(B));

INDICTMENT

1     (4) intentionally participated in an act, contemplating that the life of a person would

2 be taken or intending that lethal force would be used in connection with a person, other than one of the

3 participants in the offense, and the victim died as a direct result of the act or acts (Title 18, United States

4 Code, Section 3591(a)(2)(C));

5     (5) intentionally and specifically engaged in an act of violence, knowing that the act

6 created a grave risk of death to a person, other than one of the participants in the offense, such that

7 participation in the act constituted a reckless disregard for human life and the victim died as a direct

8 result of the act or acts (Title 18, United States Code, Section 3591(a)(2)(D));

9     (6) in committing these offenses, knowingly created a grave risk of death to one or

10 more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

11     (7) in committing these offenses, acted after substantial planning and premeditation

12 to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

13     (8) in committing these offenses, intentionally killed or attempted to kill more than

14 one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

15 <u>NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT ORLANDO CARLOS HERNANDEZ</u>

16   90. The allegations set forth in Counts Fourteen and Fifteen of this Indictment are hereby

17 realleged and incorporated by reference as if fully set forth herein.

18   91. As to Counts Fourteen and Fifteen of this Indictment, the defendant, ORLANDO

19 CARLOS HERNANDEZ:

20     (1) was 18 years of age or older at the time of the offense (Title 18, United States

21 Code, Section 3591(a));

22     (2) intentionally killed the victim (Title 18, United States Code, Section

23 3591(a)(2)(A));

24     (3) intentionally inflicted serious bodily injury that resulted in the death of the victim

25 (Title 18, United States Code, Section 3591(a)(2)(B));

26     (4) intentionally participated in an act, contemplating that the life of a person would

27 be taken or intending that lethal force would be used in connection with a person, other than one of the

28 participants in the offense, and the victim died as a direct result of the act or acts (Title 18, United States

INDICTMENT

1 | Code, Section 3591(a)(2)(C));

2 |       (5)    intentionally and specifically engaged in an act of violence, knowing that the act

3 | created a grave risk of death to a person, other than one of the participants in the offense, such that

4 | participation in the act constituted a reckless disregard for human life and the victim died as a direct

5 | result of the act or acts (Title 18, United States Code, Section 3591(a)(2)(D));

6 |       (6)    in committing these offenses, acted after being convicted of a State offense

7 | punishable by a term of imprisonment of more than one year, involving the use or attempted or

8 | threatened use of a firearm (as defined in section 921 of Title 18 of the United States Codes) against

9 | another person (Title 18, United States Code, Section 3592(c)(2));

10 |       (7)    in committing these offenses, the defendant acted after being convicted of two or

11 | more State offenses punishable by a term of imprisonment of more than one year, committed on

12 | different occasions, involving the infliction or, and attempted infliction of, serious bodily injury and

13 | death upon another person (Title 18, United States Code, Section 3592(c)(4)); and

14 |       (8)    in committing these offenses, acted after substantial planning and premeditation

15 | to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

16 | NOTICE OF SPECIAL FINDINGS AS TO DEFENDANT WESTON VENEGAS

17 |     92.    The allegations set forth in Counts Fourteen and Fifteen of this Indictment are hereby

18 | realleged and incorporated by reference as if fully set forth herein.

19 |     93.    As to Counts Fourteen and Fifteen of this Indictment, the defendant, WESTON

20 | VENEGAS:

21 |       (1)    was 18 years of age or older at the time of the offense (Title 18, United States

22 | Code, Section 3591(a));

23 |       (2)    intentionally killed the victim (Title 18, United States Code, Section

24 | 3591(a)(2)(A));

25 |       (3)    intentionally inflicted serious bodily injury that resulted in the death of the victim

26 | (Title 18, United States Code, Section 3591(a)(2)(B));

27 |       (4)    intentionally participated in an act, contemplating that the life of a person would

28 | be taken or intending that lethal force would be used in connection with a person, other than one of the

INDICTMENT

1  participants in the offense, and the victim died as a direct result of the act or acts (Title 18, United States

2  Code, Section 3591(a)(2)(C));

3        (5)    intentionally and specifically engaged in an act of violence, knowing that the act

4  created a grave risk of death to a person, other than one of the participants in the offense, such that

5  participation in the act constituted a reckless disregard for human life and the victim died as a direct

6  result of the act or acts (Title 18, United States Code, Section 3591(a)(2)(D)); and

7        (6)    in committing these offenses, acted after substantial planning and premeditation

8  to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

9

10  DATED:  3|20|18          A TRUE BILL

11

12                            _____

13                            FOREPERSON

14  ALEX G. TSE
    Acting United States Attorney

15

16  _____

17  Stephanie Hinds
    Deputy Chief, Criminal Division

18

19  (Approved as to form:  _____ )
                            AUSA Andrew M. Scoble
                            AUSA Kimberly Hopkins

20

21

22

23

24

25

26

27

28

INDICTMENT
                              33